# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.P.**

**No. 14-0515** (Mercer County 11-JA-77)

**FILED**

September 22, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by her counsel Natalie N. Hager, appeals the Circuit Court of Mercer County's order entered on May 8, 2014, terminating her custodial, parental, and guardianship rights to her son, J.P. The West Virginia Department of Health and Human Resources ("DHHR"), by its counsel William P. Jones, filed its response in support of the circuit court's order. J.P.'s guardian ad litem, Ryan J. Flanigan, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her custodial, parental, and guardianship rights by failing to follow the mandate of this Court in *In Re: S.G. & J.P.*, No. 13-0349 (W.Va. Supreme Court, November 26, 2013) (memorandum decision).

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

J.P. was previously before the Court in *In Re: S.G. & J.P.*, No. 13-0349 (W.Va. Supreme Court, November 26, 2013) (memorandum decision). In that appeal, this Court affirmed the circuit court's termination of petitioner's custodial rights to S.G. However, the Court remanded as to petitioner's custodial rights to J.P. "for entry of an order in compliance with the statute for termination of petitioner's custodial rights to J.P." On remand, the DHHR filed an amended abuse and neglect petition against petitioner on January 9, 2014. The circuit court held an adjudicatory hearing on January 24, 2014. Petitioner was not present in person at that hearing. The circuit court took judicial notice of testimony presented in August of 2013, wherein witnesses testified that J.P. suffered burns to his head, lips, and nose, and a black eye during visits with petitioner. Petitioner claimed a "cap" gun caused the burns and a bicycle accident caused the black eye. Based on this evidence, the circuit court found that J.P. was a neglected child pursuant to West Virginia Code § 49-1-3(11)(A). Pursuant to this Court's mandate, the circuit court entered an order on February 4, 2014 reflecting this finding. The circuit court held a dispositional hearing on May 1, 2014. Petitioner was again not present in person at that hearing. A Child Protective Services ("CPS") worker testified that petitioner was incarcerated for two felonies in Virginia, and a motion to revoke her probation in that state was pending due to allegations of substance abuse. The CPS worker also stated that petitioner had not visited J.P. in person or by telephone since March of 2013. Similarly, J.P.'s father testified that petitioner had

1

not visited J.P. in person or by telephone for approximately one year. By order entered on May 8, 2014, the circuit court found as follows: continuation in the home and reunification were not in J.P.'s best interests; petitioner exhibited a complete failure to cooperate; there was no reasonable likelihood that petitioner could substantially correct the conditions that led to J.P.'s neglect in the near future; and termination of petitioner's parental rights was necessary for J.P.'s welfare. The circuit court terminated petitioner's custodial, parental, and guardianship rights to J.P. It is from this order that petitioner now appeals.

This Court has established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner asserts that the circuit court erred in terminating her parental rights to J.P. because this Court remanded the matter to the circuit court solely for entry of an adjudication order in compliance with the law. However, petitioner admits in her brief on appeal that the circuit did enter "such an order after an adjudicatory hearing held on January 24, 2014[.]" Petitioner also argues that the circuit court erred in terminating petitioner's parental and guardianship rights. We find that the circuit court followed our mandate when it entered an adjudication order. After weighing the evidence presented, the circuit court adjudicated J.P. as a neglected child. Subsequently, in accordance with its responsibilities under West Virginia Code § 49-6-5(a), the circuit court proceeded to disposition. Based upon the evidence presented, including petitioner's "drug abuse, drug addiction, the failure to seek treatment, and [her] complete failure to cooperate," the circuit court found termination to be in J.P.'s best interests. Petitioner presented no evidence at the adjudicatory hearing held on January 24, 2014, or the dispositional hearing held on May 1, 2014, that would refute the finding that there was no reasonable likelihood that petitioner could substantially correct the conditions that led to the neglect of J.P. in the near future. *See* W.Va. Code § 49-6-5(a)(6) (the circuit court may terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future.").

For the foregoing reasons, we affirm the circuit court's May 8, 2014, order terminating petitioner's custodial, parental, and guardianship rights to J.P.

Affirmed.

**ISSUED**: September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II